[Civ. No. 13350. Second Dist., Div. One. Dec. 5, 1941.]

CLAIR V. WARD et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Keller & Smith for Petitioners.

Everett A. Corten and J. Gould for Respondents.

DORAN, J.—By this proceeding petitioners seek to have set aside a decision and award of the Industrial Accident Commission denying compensation for the death of John R. Ward, seventeen years of age, who was employed as a newsboy at Arcadia, California, on December 11, 1940, and who met with a fatal accident on that day.

After a hearing upon the application of petitioners the commission had found in favor of petitioners and had awarded compensation; but later, upon a rehearing of the matter the commission found that the evidence did not establish that the death of said employee was proximately caused by an injury arising out of and occurring in the course of said employment, and decided that petitioners were not entitled to compensation. The commission also found that the evidence

did not establish that petitioners were dependent upon the employee at the time of his injury; but that question need not be here considered.

It was established at the hearings that Ward, a schoolboy, was employed by W. J. Baldwin, a distributor for the Times-Mirror Publishing Company, to deliver newspapers and collect from newspaper subscribers within a designated territory in the city of Arcadia, which territory was a part of the larger territory covered by Baldwin as a distributor. Ward was also authorized by Baldwin to solicit newspaper subscriptions anywhere within the entire territory covered by Baldwin. In pursuit of his duties as employee of Baldwin, Ward used a motor scooter of his own. Ward, who lived with his family in Arcadia, arrived home after school around 3:00 p. m. on December 11, 1940, and then went out to make collections from newspaper subscribers. It appears that Ward also worked on occasions for Clarence A. Boston, a milk distributor of Monrovia, a neighboring community, and on the day in question, and while Ward was out making his collections, Boston called Ward's home to inquire why Ward had not come to work for him that afternoon. Later, Ward returned home to make some repairs or adjustments to his motor scooter, and when told of Boston's call, Ward rode off on his scooter to see Mr. Boston and clear up an apparent misunderstanding as to his work for Boston. It was on the return trip from having seen Mr. Boston that Ward met with the fatal accident. The scene of the accident was within the greater territory covered by Ward's employer, the newspaper distributor, and about two miles from the specific territory within which Ward delivered newspapers and collected for subscriptions. The accident also occurred a little over a block beyond what would appear to have been the most direct route to Ward's home from the place where Ward had met Boston. At the time of the accident Ward had with him the book of slips or receipts which he carried with him when making collections and had money on his person, presumably obtained from collections. A witness who was present at Ward's meeting with Boston stated that at that time Ward had said, to quote the witness, "That from where we were parked and had the conversation, he was going on to collect and solicit for the Times." There was no evidence that Ward had solicited any subscrip-

tions on his way back from seeing Boston, or that at the time of his accident he was actually on the way to make a solicitation. The accident occurred about 5:02 p. m.; and from the location thereof there is nothing to indicate definitely whether Ward was returning home at the time or was returning to his territory to resume collections. The evidence does not uncontrovertibly establish that Ward was upon the business of his employer at the time of the accident, and permits either an affirmative or negative inference to be drawn. The finding of the commission upon rehearing that the death of the employee was not caused by an injury arising out of and occurring in the course of his employment is therefore supported by the evidence and the decision of the commission based thereon and in accord therewith may not be disturbed.

The award is affirmed.

York, P. J., and White, J., concurred.